UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KATHY ROWZEE                                                          CIVIL ACTION

VERSUS

STATE FARM GENERAL INSURANCE
COMPANY, ET AL.                                NO. 21-00398-BAJ-EWD

## RULING AND ORDER

Plaintiff Kathy Rowzee seeks recovery for damage to her manufactured home under a homeowners' insurance policy (No. No. 18-CU-1599-1, the "Policy") issued by Defendant State Farm Insurance Co. (Doc. 1-1 at pp. 4-7, *hereinafter* "Petition"). Among other things, Plaintiff seeks compensation under the Policy for "toxic mold contamination." (Petition at ¶ VII).

Now State Farm moves for partial summary judgment, seeking dismissal of Plaintiff's "mold claims" because the "mold exclusion" contained in Plaintiff's Policy "clearly and unambiguously precludes any recovery related to the mold damage, regardless of the cause." (Doc. 23-1 at p. 1). In support, State Farm directs the Court to a certified copy of the Policy, which, sure enough, unambiguously does "not insure for any loss to the property … which consists of, or is directly and immediately caused by … mold, or wet or dry rot." (Doc. 23-3 at p. 10). In response, Plaintiff *concedes* that "damage caused by mold is not a loss insured by the policy," but still somehow

encourages the Court to deny State Farm's Motion. (Doc. 25 at pp. 5, 9).[1]

The summary judgment standard is well-set: to prevail, State Farm must show that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Here, there is no dispute whatsoever that Plaintiff's Policy does *not* insure for losses caused by mold. (Doc. 25 at p. 5). Plainly, State Farm is entitled to judgment in its favor dismissing Plaintiff's mold-related claims.

Accordingly,

**IT IS ORDERED** that State Farm's **Motion For Partial Summary Judgment As To Plaintiff's Mold Claims (Doc. 23)** be and is hereby **GRANTED**, and that Plaintiff's claims for losses related to mold be and are hereby **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff's **Motion To Strike Defendant's Motion For Summary Judgment As Untimely (Doc. 24)** be and is

---

[1] Taking one step further, Plaintiff urges the Court to strike State Farm's Motion, due to having been submitted on October 17, 2022, two days after the October 15 dispositive motion deadline. (Doc. 24). As Plaintiff notes in her supporting memorandum, the October 15 deadline fell on a Saturday, and State Farm filed its Motion on the following Monday. (Doc. 24-1 at p. 3). Significantly, Plaintiff does not identify any prejudice resulting from State Farm's delay.

This Court has previously explained that its "longstanding policy" is "to set dates certain that do *not* fall on weekends or legal holidays." *James v. Lane*, No. 12-cv-00523, 2014 WL 4657566, at *3 (M.D. La. Sept. 16, 2014) (Jackson, J.) (emphasis added). In light of this policy, the Saturday, October 15 dispositive motion deadline was plainly an oversight. State Farm might have clarified this oversight prior to the October 15 deadline, but instead chose to file its motion on the next business day. Absent any prejudice to Plaintiff, the Court deems State Farm's motion timely. *See id.*

hereby **DENIED**.

Baton Rouge, Louisiana, this 3rd day of April, 2023

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**